UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA S.,<br><br>        Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY, Commissioner of Social Security,<br><br>        Defendant | Case No.: 24-cv-00698-AJB-MSB<br><br>**ORDER GRANTING JOINT MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (28 U.S.C. § 2412(d))**<br><br>**(Doc. No. 16)** |

Before the Court is the parties' joint motion for the award of attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. No. 16.) For the reasons set forth below, the Court **GRANTS** the joint motion.

**I. BACKGROUND**

On April 17, 2024, Plaintiff Erica S. ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by Martin O'Malley, the Acting Commissioner of Social Security (the "Commissioner"), denying her application for social security disability insurance benefits. (Doc. No. 1.) The Commissioner filed the

administrative record on June 17, 2024. (Doc. No. 6.) Thereafter, Plaintiff filed a merits brief. (Doc. No. 10.) Upon review of Plaintiff's merits brief and the Administrative Record, the Commissioner, joined by Plaintiff, filed a joint motion for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 13.) On October 10, 2024, the Court granted the parties' joint motion, entered final judgment in favor of Plaintiff, reversed the decision of the Commissioner, and remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 14.)

On November 7, 2024, the parties filed the instant joint motion requesting the Court award Plaintiff's counsel $5,210.40 in attorney fees and $405.00 in costs. (Doc. No. 16 at 1.) This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this action. (*Id.*)

## II.     THRESHOLD ISSUE OF TIMELINESS

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (internal citation omitted) (citing *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993). Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity. Therefore, a motion for attorney's fees filed after a sentence four remand is timely if filed within thirty days after Rule 4(a)'s sixty-day appeal period has expired. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007); *see also Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1393 (9th Cir. 1986) ("*Auke Bay*") (holding that an application for attorney fees under the EAJA filed *before* a judgment is final is timely nonetheless so long as the applicant can show "is a prevailing party and is eligible to receive an award under this subsection").

///

///

Here, the instant joint motion was filed 28 days after judgment was entered and, thus, before the judgment became final. However, the Court's order entering judgment in favor of Plaintiff "substantially grant[ed] the applicant's remedy before final judgment is entered" by reversing the decision of the Commissioner and remanding the case for further proceedings. *See Auke Bay*, 779 F.2d at 1393. Accordingly, the Court finds the joint motion timely. *See, e.g.*, *Dora R.S. v. O'Malley*, No. 23-CV-00636-AJB-SBC, 2024 WL 4439260 (S.D. Cal. Oct. 7, 2024) (holding the joint motion for the plaintiff's EAJA fee was timely where motion was filed before the 60-day appeal period had run); *Sergio C. v. Kijakazi*, No. 20-CV-02270-AHG, 2022 WL 1122847, at *2 (S.D. Cal. Apr. 14, 2022) (applying *Auke Bay* to conclude a plaintiff's EAJA fee application in a Social Security case was not premature where the court had remanded for payment of benefits, despite the application being filed before the sixty-day appeal period had run).

### III. DISCUSSION

"Under EAJA, a litigant is entitled to attorney's fees and costs if: (1) [s]he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005); s*ee also* 28 U.S.C. § 2412(d)(1). The Court will address these elements in turn.

#### A. Prevailing party

"A plaintiff who obtains a sentence four remand" under 42 U.S.C. § 405(g), even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan*, 296 F.3d at 854 (citing *Schalala v. Schaefer*, 509 U.S. 292, 297–98, 301–02 (1993)). Here, Plaintiff is the prevailing party because the Court granted the parties' joint motion for voluntary remand, reversed the decision of the Commissioner, and remanded the matter for further administrative proceedings. (*See* Doc. No. 14.)

///
///

**B.     Substantial Justification**

It is the Commissioner's burden to prove that his position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified under 28 U.S.C. 2412(d)(1)(A). *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, the Commissioner makes no argument that his position was substantially justified. Rather the instant fee request comes to the Court by way of a joint motion. (*See* Doc. No. 16.) Accordingly, the Commissioner has not met his burden of showing his position was substantially justified or that special circumstances make an award unjust.

**C.     Reasonableness of Hours**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases." *Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012); *see also Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."). Accordingly, the Court finds the 21.3 total hours billed by Plaintiff's counsel to be reasonable in light of Plaintiff's results in the case. *See Martha G. v. Kijakazi*, No. 21-CV-01702-JLB, 2022 WL 17069832, at *2 (S.D. Cal. Nov. 17, 2022) (finding 20.4 hours expended by counsel and 2.3 hours by a paralegal reasonable where the parties filed a joint motion to remand after the plaintiff filed a merits brief).

**D.     Reasonableness of Hourly Rate**

The EAJA provides that the court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). In this Circuit, factoring in increases in the cost of living, the statutory maximum EAJA rate for work performed in 2024 is $244.62. *See* UNITED SATES COURTS FOR THE NINTH

CIRCUIT, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Nov. 25, 2024).[1]

Here, Plaintiff's counsel billed 21.3 hours at the Ninth Circuit's EAJA hourly rate, and thus seeks $5,210.40. (Doc. No. 16-2.) Accordingly, the Court finds that the hourly rate billed by counsel is reasonable. *See Roland S. v. Saul*, No. 3:20-cv-01068-AHG, 2021 WL 4081567, at *3 (S.D. Cal. Sept. 7, 2021) (finding hourly rates consistent with the Ninth Circuit's EAJA rates to be reasonable).

### E. Costs

Filing fees are recoverable costs under the EAJA. 28 U.S.C. §§ 1920, 2412(d); *see Darren Jeffrey C. v. Kijakazi*, No.: 3:21-cv-01012-AHG, 2022 WL 17826795, at *4 (S.D. Cal. Dec. 20, 2022) (awarding $402 in filing costs after the Court remanded in the plaintiff's favor). Here, Plaintiff seeks reimbursement of the $405.00 filing fee expended to initiate this action. Although Plaintiff does not attach any receipt in support of the costs requested, Plaintiff offers the filing fee receipt number, and the Court takes judicial notice that the docket in this action reflects the payment of the filing fee. (Doc. No. 1 ($405.00 filing fee, receipt number ACASDC-18767821); Doc. No. 16-2 (listing under costs: "Filing Fee receipt number ACASDC-18767821".) Accordingly, the Court grants the reimbursement costs in the amount of $405.00.

### F. Assignment of Rights to Counsel

The parties jointly request that "[f]ees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to [Plaintiff's counsel], pursuant to the assignment executed by Plaintiff." (Doc. No. 16 at 2.)

---

[1] At the time of the issuing of this Order, no rate is posted for work performed in 2024. Accordingly, the Court is using the 2023 posted rate for 2024. *See id.* ("If no rate is posted for the period in which your work was performed, please use the rate that is posted for the previous period.").

"[A] § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). However, this "does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu v. Berryhill*, No. 3:17-cv-01087-GPC-JLB, 2018 WL 2012330, at *4 (S.D. Cal. Apr. 30, 2018). Here, Plaintiff assigned her EAJA fees to her attorney, Martha Yancey. (Doc. No. 16-1.) Therefore, if Plaintiff has no federal debt that is subject to offset, the award of fees may be paid directly to attorney Martha Yancey pursuant to the assignment agreement and the parties' joint motion.

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** the parties' joint motion and **AWARDS** Plaintiff $5,210.40 in attorney fees and $405.00 in expenses pursuant to 28 U.S.C. § 1920 and § 2412, subject to the terms of the joint motion.

**IT IS SO ORDERED.**

Dated: November 26, 2024

Hon. Anthony J. Battaglia
United States District Judge